IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GINA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0007-WS-M |
| | ) |
| GENTIVA HEALTH SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court *sua sponte* on preliminary review of defendant's Motion for Summary Judgment (doc. 59) and accompanying filings. In particular, the Court observes that defendant has filed a 29-page principal brief whose statement of facts consists of a mere single sentence incorporating by reference a separate document entitled "Defendant's Proposed Determinations of Undisputed Fact and Conclusions of Law." That document contains 21 pages of factual recitations, none of which are set forth in the brief itself. (*See* doc. 61, at 3; doc. 60, at 1-21.) The net result is that defendant's summary judgment brief (counting non-redundant facts and law, spread across two submissions) is effectively 50 pages, substantially in excess of the 30-page limit prescribed by Local Rule 7.1(b), without leave of court.

Local Rule 7.2(a) requires that a summary judgment movant submit a brief, along with suggested Determinations of Undisputed Fact and Conclusions of Law. However, that rule "was not intended to allow parties to evade page limitations imposed by LR 7.1(b) … ; rather, the purpose of the Suggested Determinations of Fact and Conclusions of Law requirement is to have a party restate the facts and law from its brief in a form that the Court could adopt as its ruling in that party's favor." *Phillips v. Irvin*, 2006 WL 1663677, *1 n.3 (S.D. Ala. June 14, 2006); *see also State Farm Casualty Co. v. Richardson*, 2008 WL 4531765, *1 n.1 (S.D. Ala. Oct. 9, 2008) ("The 30-page briefing limitation set forth in Local Rule 7.1(b) would be meaningless if a party could disaggregate the fact and law portions of its brief into two different filings. … [T]he brief should be a self-contained filing including all factual recitation and legal discussion necessary to

support the movant's position."); *Hosea v. Langley*, 2006 WL 314454, *15 n.50 (S.D. Ala. Feb. 8, 2006) (similar). Moreover, allowing filings under Rule 7.2(a) to include material omitted from the principal brief would be inefficient and unwieldy because it would obligate the Court to read two interwoven documents in tandem in order to glean the gist of the movant's arguments.

More fundamentally, this is hardly the sort of hyper-technical, complex litigation that might reasonably warrant briefing substantially in excess of the published page limitations set forth in Local Rule 7.1(b). Those prescribed limits are sufficient for the vast majority of actions litigated in federal court. In the undersigned's experience, it is a rare case that cannot reasonably be briefed within those generous boundaries. The Court is hard-pressed to understand why briefing in this case could not be completed within the spatial constraints of Local Rule 7.1(b). The three-page Amended Complaint (doc. 17) frames this action as a single-claim Americans with Disabilities Act case that is unremarkable in factual or legal sophistication relative to other employment discrimination actions routinely litigated in this District Court within the Local Rule 7.1(b) parameters.

For all of these reasons, defendant's Brief (doc. 61) and Proposed Determinations of Undisputed Fact and Conclusions of Law (doc. 60) filed in support of its Motion for Summary Judgment are **stricken**. Defendant is **ordered** to file and serve a new brief and new proposed determinations and conclusions, compliant with this Order and the Local Rules, on or before **December 6, 2013**. At that time, a briefing schedule will be entered for the Rule 56 Motion.

DONE and ORDERED this 27th day of November, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE
